John B. Thorsness
CLAPP, PETERSON, VAN FLEIN,
TIEMESSEN & THORSNESS, LLC
711 H Street, Suite 620
Anchorage, Alaska 99501
(907) 272-9273
usdc-anch-ntc@cplawak.com

John M. Conway
ATKINSON, CONWAY & GAGNON, INC.
420 L Street, Suite 500
Anchorage, Alaska 99501
(907) 276-1700
jmc@acglaw.com

Dale G. Wills
SWANSON, MARTIN & BELL
One IBM Plaza, Suite 3300
330 North Wabash Avenue
Chicago, Illinois 60611
(312) 923-8266
dwills@smbtrials.com

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| Phillip Allen Kensinger,<br><br>    Plaintiff,<br><br> vs.<br><br>E.I. DU PONT DE NEMOURS and Co., <u>et al</u>.,<br><br>    Defendants. | Case No. 3:04-cv-291-RRB |

**FIRST AMENDED ANSWER OF CLAYTON & DUBILIER ASSOCIATES IV LP**

Defendant, CLAYTON & DUBILIER ASSOCIATES IV LP (hereinafter "Associates IV"), through its attorneys, CLAPP PETERSON, LLC and ATKINSON, CONWAY & GAGNON, INC., for its First Amended Answer to plaintiff's Complaint states as follows:

## PARTIES

1. Associates IV lacks knowledge or information sufficient to form a belief as to the truth of the allegations as to plaintiff's injuries. Associates IV denies the remaining allegations of Paragraph 1.

2. Associates IV lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 2.

3. Associates IV admits, upon information and belief, that plaintiff is a resident and citizen of Alaska. Associates IV lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 3.

4. Associates IV admits that E.I. du Pont de Nemours and Company (hereinafter "DuPont") is a Delaware corporation. Associates IV lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 4.

5. Associates IV admits that Remington Arms Company, Inc. (formerly known as "RACI Acquisition Corporation" and hereinafter "Remington") is a Delaware corporation doing business in the State of Alaska. Associates IV denies the remaining allegations of Paragraph 5.

First Amended Answer of Clayton & Dubilier Associates IV LP
Kensinger v. E.I. Du Pont De Nemours and Co., et al., Case No. 3:04-cv-291-RRB
Page 2 of 13

6. Associates IV admits that pursuant to an Asset Purchase Agreement dated November 24, 1993 (hereinafter "APA"), Remington acquired certain assets from DuPont and Sporting Goods Properties, Inc. (formerly known as "Remington Arms Company, Inc." and hereinafter referred to as "SGPI"). Associates IV admits that the terms and conditions of the APA are as set forth in that agreement. Associates IV denies the remaining allegations of Paragraph 6.

7. Associates IV admits that pursuant to the APA, Remington acquired certain assets from DuPont and SGPI. Associates IV admits that the terms and conditions of the APA are as set forth in that agreement. Associates IV denies the remaining allegations of Paragraph 7.

8. Associates IV admits that Remington does business in the State of Alaska and that it was formerly known as "RACI Acquisition Corporation." Associates IV admits that Remington's parent corporation is RACI Holding, Inc. (hereinafter "Holding"). Associates IV admits that Bruckmann, Rosser, Sherrill & Co. LLC, The Clayton & Dubilier Private Equity Fund IV LP, and Associates IV each own shares of the outstanding common stock of Holding. Associates IV admits that it is the general partner of The Clayton & Dubilier Private Equity Fund IV LP. Associates IV denies the remaining allegations of Paragraph 8.

9. Associates IV admits that there exist certain indemnification provisions pursuant and as specified in the APA. Associates IV denies that the remaining

allegations of Paragraph 9 accurately or completely set forth such indemnification provisions.

10. Associates IV admits that since the closing of the APA, Remington has manufactured, marketed, and sold firearms incorporating a common fire control mechanism. Associates IV denies the remaining allegations of Paragraph 10.

11. Associates IV denies the allegations of Paragraph 11.

12. Associates IV denies the allegations of Paragraph 12.

13. Associates IV admits that Bobby R. Brown is and has been a member of the Board of Directors of Remington and Holding since the closing of the APA. Associates IV admits that Mr. Brown previously served as President of SGPI prior to the closing of the APA. Associates IV denies the remaining allegations of Paragraph 13.

14. Associates IV lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning the positions held by Charles O. Holliday, Jr. Associates IV denies the remaining allegations of Paragraph 14.

15. Associates IV lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning the positions held by Edgar S. Woolard. Associates IV denies the remaining allegations of Paragraph 15.

16. Associates IV lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning the positions held by Louisa C. Duemling,

William K. Reilly, H. Rodney Sharp III, and Charles M. Vest. Associates IV denies the remaining allegations of Paragraph 16.

17. Associates IV admits that Richard E. Heckert was a member of the Board of Directors of DuPont from 1973 until 1989. Associates IV admits that Mr. Heckert is currently a member of the Board of Directors of Remington and Holding. Associates IV denies the remaining allegations of Paragraph 17.

18. Associates IV admits that Thomas L. Millner has been the President of Remington since May of 1994 and the Chief Executive Officer of Remington since April of 1999. Associates IV admits that Mr. Millner is a member of the Board of Directors of Remington and Holding. Associates IV denies the remaining allegations of Paragraph 18.

19. Associates IV admits that Hubbard C. Howe is a member of the Board of Directors of Remington and Holding and that he was Chairman of those Boards from November of 1993 until December of 1997. Associates IV admits that Mr. Howe has served as Chief Executive Officer of Remington and Holding. Associates IV admits that Mr. Howe was a general partner of Associates IV. Associates IV denies the remaining allegations of Paragraph 19.

20. Associates IV admits that Joseph L. Rice III is the Chairman of the Board of Directors of Clayton, Dubilier & Rice, Inc. (hereinafter "CDR") and a general partner of Associates IV. Associates IV admits that Mr. Rice was a Director of Remington and Holding from November of 1993 until 2002. Associates IV admits

that Leon J. Hendrix, Jr. was a general partner of Associates IV. Associates IV admits that Mr. Hendrix is the Chairman of the Board of Directors of Remington and Holding. Associates IV denies the remaining allegations of Paragraph 20.

21. Associates IV admits that B. Charles Ames is a member of the Board of Directors of CDR and a general partner of Associates IV. Associates IV admits that Mr. Ames is a member of the Board of Directors of Remington and Holding. Associates IV states that William A. Barbe is deceased. Associates IV admits that Mr. Barbe was a general partner of Associates IV. Associates IV admits that Alberto Cribiore was an officer and director of CDR and a general partner of Associates IV. Associates IV admits that Donald J. Gogel is an officer and director of CRD and a general partner of Associates IV. Associates IV admits that Andrall E. Pearson was a general partner of Associates IV. Associates IV denies the remaining allegations of Paragraph 21.

22. Associates IV denies the allegations of Paragraph 22.

23. Associates IV denies the allegations of Paragraph 23.

24. Associates IV denies the allegations of Paragraph 24.

25. Associates IV denies the allegations of Paragraph 25.

26. Associates IV denies the allegations of Paragraph 26.

27. Associates IV denies the allegations of Paragraph 27.

28. Associates IV lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 28.

## **FACTS**

29. Associates IV denies that the shotgun discharged without the trigger being pulled due to any alleged defects. Associates IV lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 29.

30. Associates IV lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 30.

31. Associates IV admits that since the closing of the APA, Remington has been engaged in the business of, among other things, manufacturing and selling 12-gauge shotguns which incorporate a common fire control mechanism. Associates IV admits that certain of those firearms were sold to wholesalers and retailers for eventual sale to ultimate consumers, including customers in the State of Alaska. Associates IV denies the remaining allegations of Paragraph 31.

32. Associates IV admits that Remington manufactured and sole a Remington Model 870 shotgun bearing serial number B683831M. Associates IV denies that it has ever been engaged in the manufacture of firearms. Associates IV lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning ownership of the shotgun by Bruce Staton and sale to Eric Brenegan. Associates IV denies the remaining allegations of Paragraph 32.

33. Associates IV denies the allegations of Paragraph 33.

34. Associates IV denies the allegations of Paragraph 34.

35. Associates IV denies the allegations of Paragraph 35.

36. Associates IV denies the allegations of Paragraph 36.

37. Associates IV denies the allegations of Paragraph 37.

38. Associates IV denies the allegations of Paragraph 38.

39. Associates IV denies the allegations of Paragraph 39.

40. Associates IV denies the allegations of Paragraph 40.

41. Associates IV denies the allegations of Paragraph 41.

42. Associates IV lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 42.

43. Associates IV denies the allegations of Paragraph 43.

**FIRST CAUSE OF ACTION**
**(Compensatory Damages)**

44. Associates IV restates and realleges its responses to Paragraphs 1 through 43 above as if fully set forth herein.

45. Associates IV denies the allegations of Paragraph 45.

**SECOND CAUSE OF ACTION**
**(Compensatory Damages)**

46. Associates IV restates and realleges its responses to Paragraphs 1 through 45 above as if fully set forth herein.

47. Associates IV denies the allegations of Paragraph 47.

48. Associates IV denies the allegations of Paragraph 48.

## THIRD CAUSE OF ACTION
### (Punitive Damages)

49. Associates IV restates and realleges its responses to Paragraphs 1 through 48 above as if fully set forth herein.

50. Associates IV denies the allegations of Paragraph 50.

## FOURTH CAUSE OF ACTION
### (Necessary Funds and Actions to Remedy and/or Warn of the Defects in Similar Firearms)

51. Associates IV restates and realleges its responses to Paragraphs 1 through 50 above as if fully set forth herein.

52. Associates IV denies the allegations of Paragraph 52.

## FIFTH CAUSE OF ACTION

53. Associates IV restates and realleges its responses to Paragraphs 1 through 52 above as if fully set forth herein.

54. Associates IV denies the allegations of Paragraph 54.

## SIXTH CAUSE OF ACTION
### (Negligence)

55. Associates IV restates and realleges its responses to Paragraphs 1 through 54 above as if fully set forth herein.

56. This cause of action is directed against Ricky Brenegan and not against Associates IV. Accordingly, no response is made with respect thereto.

WHEREFORE, defendant, CLAYTON & DUBILIER ASSOCIATES IV LP, denies that plaintiff is entitled to judgment against it in any amount whatsoever and

requests that plaintiff's complaint be dismissed with prejudice in its entirety at plaintiff's costs.

## **AFFIRMATIVE DEFENSES**

As and for its affirmative defenses to plaintiff's complaint, Associates IV states as follows:

1. Plaintiff's complaint, in whole or in part, fails to state a claim for relief.

2. Plaintiff's complaint, including all causes of action therein, is barred by the applicable two-year statute of limitation of ALASKA STAT. §09.10.070(a).

3. Plaintiff was guilty of contributory negligence and assumption of the risk. Accordingly, any recovery by plaintiff must be reduced by the pro rata comparative fault of the plaintiff.

4. The negligence of Eric Brenegan was the cause of the shooting accident in question. Accordingly, Associates IV is entitled to allocate "fault" to Eric Brenegan for plaintiff's injuries and damages.

5. The negligence of Eric Brenegan was the sole proximate cause of plaintiff's injuries and damages. Accordingly, plaintiff is entitled to no recovery whatsoever against Associates IV.

6. To the extent plaintiff's injuries may have been caused, in whole or in part, by a person not named in the complaint, Associates IV is entitled to allocate "fault" to that person, whether that person is known, unknown, or not personally knowable.

7.  The shotgun in question conformed with the then existing state-of-the-art.

8.  An award of punitive damages would violate the due process, equal protection, double jeopardy, and commerce clauses of the United States Constitution and the similar provisions of the Alaska Constitution. Alaska law on punitive damages is unconstitutional because it (1) is void for vagueness as applied because it fails to provide people of an ordinary intelligence a reasonable opportunity to understand what conduct is prohibited, and it authorizes or encourages arbitrary and discriminatory enforcement; (2) does not require plaintiff to meet his burden of proof by clear and convincing evidence; (3) does not provide a standard with sufficient clarity for determining the appropriate size of a punitive award; (4) does not instruct on the limits of punitive damages imposed by the applicable principals of deterrence and punishment; (5) allows an aware of punitive damages in whole or in part on the basis of invidiously discriminatory characteristics, including the corporate status or wealth of a defendant; (6) subjects defendants to multiple punishment; and (7) is not subject to judicial review on the basis of objective standards.

9.  Associates IV has no liability to plaintiff because plaintiff entered into a release with Eric Brenegan on August 26, 2002, which release waived plaintiff's rights under Young v. State, 455 P. 2d 889 (Alaska 1969) and fully discharged and released "all individuals, firms, or corporations who could at any future date be

possible defendants in any action arising out of these matters . . . as though they were specifically listed and named herein." Said release operates to fully release and discharge Associates IV from any liability to the plaintiff.

10. This action should be dismissed against Associates IV because this Court and the State of Alaska lack personal jurisdiction over this defendant.

11. Associates IV reserves the right to amend its answer to assert any affirmative defense which discovery or the law may reveal.

WHEREFORE, defendant, CLAYTON & DUBILIER ASSOCIATES IV LP, denies that plaintiff is entitled to judgment against it in any amount whatsoever and requests that plaintiff's complaint be dismissed with prejudice in its entirety at plaintiff's costs.

DATED at Anchorage, Alaska, this 24th day of March, 2006.

CLAPP, PETERSON, VAN FLEIN, TIEMESSEN & THORSNESS, LLC
One of the Attorneys for Defendants, DuPont, Remington, Holding, Fund IV, Associates IV, BRS and the "Individual Defendants"

s/ John B. Thorsness
CLAPP, PETERSON, VAN FLEIN, TIEMESSEN & THORSNESS LLC
711 H Street, Suite 620
Anchorage, AK 99501-3454
Phone: (907) 272-9273
Fax: (907) 272-9586
Direct email: jbt@cplawak.com
Alaska Bar No. 8211154

## Certificate of Service

I hereby certify that on March 24, 2006, a copy of the foregoing document was served electronically on Phillip P. Weidner, Esq., Daniel T. Quinn Esq., John Conway, Esq. and Dale Wills Esq.

<u>s/ John B. Thorsness</u>