NOT FOR PUBLICATION

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

FILED
JUN 18 2007
CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

RECEIVED
JUL 2 6 2007
CLERK, U.S. DISTRICT COURT
ANCHORAGE, A.K.

| | |
|---|---|
| PHILIP ALLEN KENSINGER, | No. 05-36021 |
| Plaintiff - Appellant, | D.C. No. CV-04-00291-RRB |
| v. | MEMORANDUM[*] |
| E.I. DU PONT DE NEMOURS; REMINGTON ARMS COMPANY, INC.; RACI HOLDING INC.; BRUCKMAN ROSER SHERRILL & CO LLC; AMES B. CHARLES; BOBBY BROWN; ALBERTO CRIBIORE; LOUISA DUEMLING; DONALD GOGEL; LEONARD J. HENDRIX, RICHARD HECKERT, CHARLES HOLLIDAY, HUBBARD HOWE, THOMAS MILLNER, ANDRALL PEARSON, WILLIAM REILLY, JOSEPH RICE, SHARP H. RODNEY, CHARLES VEST, EDGAR WOOLARD; RICKEY BRENEGAN, | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Alaska
Ralph R. Beistline, District Judge, Presiding

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Argued and Submitted July 26, 2006
Anchorage, Alaska

Before: **KOZINSKI**, **BERZON** and **TALLMAN**, Circuit Judges.

**1.** Under well-settled Alaska law, land owners only owe their guests a duty of reasonable care to prevent foreseeable injuries. Guerrero v. Alaska Hous. Fin. Corp., 6 P.3d 250, 255–56 (Alaska 2000); Webb v. City & Borough of Sitka, 561 P.2d 731, 733–34 (Alaska 1977). Applying the same standard, other courts have found that the duty of reasonable care does not require a homeowner to control the acts of another adult. Vertudazo v. Allstate Ins. Co., 542 So. 2d 703, 704 (La. Ct. App. 1989) (Homeowner had no duty to control an individual even though she knew that he "had a tendency to resolve conflict with threats involving a gun, [and] that there was a loaded gun under the mattress."). Kensinger cites no case from Alaska or any where else premising liability on similar facts.

Here, the evidence showed Brenegan was not aware his son had purchased the shotgun, nor had his son ever been involved in a gun accident. Lacking notice that his son posed a particular security risk, it was not foreseeable that Kensinger's injury would result from the alleged lack of household gun safety rules. The

district judge did not err in concluding that Kensinger "ha[d] no valid cause of action under Alaska law against Rickey Brenegan."

"Joinder of a non-diverse defendant is deemed fraudulent, and the defendant's presence in the lawsuit is ignored for purposes of determining diversity, if the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001) (internal quotations omitted). Brenegan's joinder was therefore fraudulent, and we have jurisdiction because the parties are diverse. Id.

**2.** In deciding that Brenegan was fraudulently joined, the district judge properly considered deposition testimony taken during a previous suit Kensinger brought based on the same facts. The district judge could properly consider this evidence because it demonstrated that "it [was] abundantly obvious" that Kensinger could not prevail on his claim. Id. at 1068.

**AFFIRMED.**

INTERNAL USE ONLY: Proceedings include all events.
05-36021 Kensinger v. E.I. Du Point Nemour, et al

| | |
|---|---|
| PHILIP ALLEN KENSINGER<br>    Plaintiff - Appellant | Phillip Paul Weidner, Esq.<br>FAX 907/278-6571<br>907/276-1200<br>[COR LD NTC ret]<br>WEIDNER & ASSOCIATES, INC.<br>330 "L" Street<br>Suite 200<br>Anchorage, AK 99501 |
| v. | |
| E.I. DU POINT NEMOUR<br>    Defendant - Appellee | John M. Conway, Esq.<br>FAX 907/272-2082<br>907/276-1700<br>Ste. 500<br>[COR LD NTC ret]<br>ATKINSON CONWAY & GAGNON<br>420 "L" St.<br>Anchorage, AK 99501<br><br>John B. Thorsness<br>907/272-9272<br>Suite 620<br>[COR LD NTC ret]<br>Clapp Peterson & Stowers<br>711 H Street<br>Anchorage, AK 99501 |
| REMINGTON ARMS COMPANY, INC.<br>    Defendant - Appellee | John M. Conway, Esq.<br>(See above)<br>[COR LD NTC ret]<br><br>John B. Thorsness<br>(See above)<br>[COR LD NTC ret] |
| RACI HOLDING INC.<br>    Defendant - Appellee | John M. Conway, Esq.<br>(See above)<br>[COR LD NTC ret]<br><br>John B. Thorsness<br>(See above)<br>[COR LD NTC ret] |
| BRUCKMAN ROSER SHERRILL & CO LLC<br>    Defendant - Appellee | John M. Conway, Esq.<br>(See above)<br>[COR LD NTC ret]<br><br>John B. Thorsness<br>(See above)<br>[COR LD NTC ret] |
| AMES B. CHARLES | John M. Conway, Esq. |

INTERNAL USE ONLY: Proceedings include all events.
05-36021 Kensinger v. E.I. Du Point Nemour, et al

| | |
|---|---|
| Defendant - Appellee | (See above)<br>[COR LD NTC ret] |
| | John B. Thorsness<br>(See above)<br>[COR LD NTC ret] |
| BOBBY BROWN<br>    Defendant - Appellee | John M. Conway, Esq.<br>(See above)<br>[COR LD NTC ret] |
| | John B. Thorsness<br>(See above)<br>[COR LD NTC ret] |
| ALBERTO CRIBIORE<br>    Defendant - Appellee | John M. Conway, Esq.<br>(See above)<br>[COR LD NTC ret] |
| | John B. Thorsness<br>(See above)<br>[COR LD NTC ret] |
| LOUISA DUEMLING<br>    Defendant - Appellee | John M. Conway, Esq.<br>(See above)<br>[COR LD NTC ret] |
| | John B. Thorsness<br>(See above)<br>[COR LD NTC ret] |
| DONALD GOGEL<br>    Defendant - Appellee | John M. Conway, Esq.<br>(See above)<br>[COR LD NTC ret] |
| | John B. Thorsness<br>(See above)<br>[COR LD NTC ret] |
| LEONARD J. HENDRIX, RICHARD HECKERT, CHARLES HOLLIDAY, HUBBARD, HOWE, THOMAS MILLNER, ANDRALL PEARSON, WILLIAM REILLY, JOSEPH RICE, SHARP H. RODNEY, CHARLES VEST, EDGAR WOOLARD,<br>    Defendant - Appellee | John M. Conway, Esq.<br>(See above)<br>[COR LD NTC ret]<br><br>John B. Thorsness<br>(See above)<br>[COR LD NTC ret] |
| RICKY BRENEGAN<br>    Defendant - Appellee | Daniel T. Quinn, Esq.<br>907-276-5727<br>[COR LD NTC ret]<br>360 "K" Street<br>Suite 200<br>Anchorage, AK 99501-2038 |

INTERNAL USE ONLY: Proceedings include all events.
05-36021 Kensinger v. E.I. Du Point Nemour, et al